

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION



BERNARD JACKSON,

    Plaintiff,

v.                                 Case No. CV406-118

CITY OF PEMBROKE, BRYAN
COUNTY POLICE DEPARTMENT,
BILLY GRAY, DONNIE CROSBY,
JOHN SMITH, Parole Officer, and
LARRY JACOBS, Jail Administrator,

    Defendants.

## REPORT AND RECOMMENDATION

On May 12, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff alleges in his rather rambling complaint that he was arrested by defendant Donnie Crosby while preparing to have sex with three others in an abandoned house. Plaintiff was charged with an offense related to crack cocaine. Plaintiff alleges that Crosby committed perjury under oath

and conspired with defendant Billy Gray to plant evidence and stage a crime scene. Plaintiff claims that Gray was not on the scene at the time and was not the arresting officer despite his testimony to the contrary.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A finding that plaintiff's conviction was based entirely on perjury, false evidence, and conspiracy between two officers to stage a crime scene would imply such invalidity of the state court conviction.[1]

Further, the Supreme Court has also made clear that convicted persons may not bring § 1983 damages claims against police officers or private persons who perjured themselves during trial because both officers and private persons enjoy absolute immunity as witnesses. Briscoe v. LaHue, 460 U.S. 325, 345 (1983). Therefore, to the extent that plaintiff asserts a claim based on any false testimony offered at his criminal trial by defendants, that claim must fail.

Plaintiff's prayer for relief verifies that plaintiff only seeks release from custody. Plaintiff states that he "would like Justice." Doc. 1 at 6.

---

[1] The Court notes that plaintiff does not state that he actually has been convicted. Regardless, Heck prevents a pre-conviction challenge that implies the invalidity of a potential conviction on a pending criminal charge, if plaintiff has yet to be convicted. Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998).

4

Plaintiff does not seek monetary or injunctive relief from any of the defendants. Instead, plaintiff asks for "a federal investigation of Enternal (sic) Affairs as soon as possible." Id.

The sheriff's department or city police department are not entities subject to suit under § 1983.[2] Lovelace v. Dekalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a "legal entity" subject to suit); see Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department and detention center not entities capable of being sued)). In addition, plaintiff does not make any factual allegation against any police department in his complaint, suggesting that he either has no direct claim against the police departments or is attempting a respondeat superior claim for the actions of individual police officers, which does not state a cognizable § 1983 claim even if the police

---

[2]Plaintiff does not clearly state which law enforcement entity he wishes to sue, mentioning both the City of Pembroke Police Department and the Bryan County Sheriff's Department.

5

department was a legal entity subject to suit. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978).

Plaintiff names his parole officer, John Smith, as a defendant. Plaintiff's claims that Smith was "going along with" other defendants' wrongdoing and that when plaintiff presented a grievance to Smith, the officer "didn't want to hear that" and asked plaintiff to sign a waiver. Doc. 1 at 3, 5. These claims are barred by Heck to the extent plaintiff contends Smith conspired with Crosby and Gray to convict him and are otherwise insufficient to state an actionable § 1983 claim.[3]

Plaintiff also names as a defendant Larry Jacobs, Jail Administrator, presumably of the Bryan County Jail. Plaintiff does not state any factual allegation related to Jacobs in the body of his complaint. In addition, plaintiff fails to even mention the Bryan County Jail or any facet of his

---

[3]To the extent plaintiff is contesting prison grievance procedures, plaintiff's claim must fail. First, the Court notes that plaintiff's presentation of a grievance to his parole officer is likely improper under any state grievance procedure. In addition, plaintiff has no cause of action under § 1983 for a prison's failure to respond to his administrative grievances. Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

confinement there. As plaintiff has not alleged any basis for a claim against this defendant, he should be dismissed.

For all of the above-stated reasons, this case should be **DISMISSED**. As the Court is recommending dismissal, plaintiff's motions for removal from his present place of confinement (docs. 4, 5) are **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this 5th day of June, 2006.

_/s/_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA